AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)                Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
### for the
### District of Montana

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No: CR 22-33-GF-BMM |
| Shaide Demontiney | ) | USM No: 03847-510 |
| | ) | |
| Date of Original Judgment: 09/28/2022 | ) | |
| Date of Previous Amended Judgment: | ) | |
| *(Use Date of Last Amended Judgment if Any)* | | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☑DENIED. ☐GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

   Defendant seeks a sentence reduction under the retroactive application to the criminal history rule in Part B, subpart 1 of Amendment 821 to the United States Sentencing Guidelines. (*See* Doc. 30.) Defendant is ineligible. Part B, subpart 1 provides a two-level offense level decrease for offenders who did not receive any criminal history points under Chapter Four and whose instant offense did not involve specific aggravating factors. *See* USSG Ret. App. A & B, Sub. 1 Amendment 821 "Reasons for Amendment" (Nov. 1, 2023). "A defendant is ineligible for a sentence reduction if the relevant amendment does not have the effect of lowering the defendant's applicable guideline range." *United States v. Mercado-Moreno*, 869 F.3d 942, 949 (9th Cir. 2017); USSG §1B1.10(a)(2)(B) (2023).

   Here, Defendant pleaded guilty to the crime of use of a firearm during and in relation to a crime of violence. (Judg. at 1.) As stated in the presentence report, "[a]lthough the defendant's lack of criminal convictions result[s] in a subtotal criminal history score of zero, the Criminal History and Criminal Livelihood do not apply to this count of conviction," (PSR ¶ 25), and as required under USSG §2K2.4(b), Defendant was sentenced to the term of imprisonment required by statute, which was 120 months, (Judg. at 1). Therefore, Defendant is ineligible for a sentence reduction because "the relevant amendment does not have the effect of lowering the defendant's applicable guideline range." *Mercado-Moreno*, 869 F.3d at 949. Because Defendant is clearly ineligible for a sentence reduction under the retroactive application of Amendment 821, her motion is denied.

Except as otherwise provided, all provisions of the judgment dated _____09/08/2022_____ shall remain in effect.

**IT IS SO ORDERED**.

Order Date: _____04/10/2024_____                    _Brian Morris_
                                                    *Judge's signature*

Effective Date: _____                    _____
          *(if different from order date)*                *Printed name and title*